G

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUN 2 1 2016

CLERK, U.S. DISTRICT COURT

By _____
Deputy

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

UNITED STATES OF AMERICA

vs.

David Timothy Dixon
MOVANT (full name of movant)

FCI Fort Worth
PLACE OF CONFINEMENT

34743-077
PRISONER ID NUMBER

3:00-CR-350-G(01)
CRIMINAL CASE NUMBER

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY

1.  This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2.  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.  When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

    Abilene Division        Amarillo Division       Dallas Division         Fort Worth Division
    P.O. Box 1218           205 E. 5th St, Rm 133   1100 Commerce, Rm 1452  501 W. 10th St, Rm 310
    Abilene, TX 79604       Amarillo, TX 79101      Dallas, TX 75242        Fort Worth, TX 76102

    Lubbock Division                San Angelo Division             Wichita Falls Division
    1205 Texas Ave., Rm 209         33 East Twohig St, Rm 202       P.O. Box 1234
    Lubbock, TX 79401               San Angelo, TX 76903            Wichita Falls, TX 76307

8.  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of TEXAS
DALLAS DIVISION

2. Date of the judgment of conviction:

FEB. 21, 2001

3. Length of sentence: 240 MONTHS

4. Nature of offense involved (all counts):

18 USC § 2113 (A) AND (D)    ARMED BANK Robbery
18 USC § 924 (c)(1)   USING AND CARRYING A FIREARM
DURING A CRIME of VIOLENCE

5. (a) What was your plea? (Check one)

Not guilty ☐    Guilty ☑    Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge Only ☐
7. Did you testify at the trial? (Check one)   Yes ☐   No ☐
8. Did you appeal from the judgment of conviction? (Check one)   Yes ☑   No ☐
9. If you did appeal, answer the following:

Name of Court:   5th Circuit

Result:   Denied (affirmed)

Date of result:   approx. 2002

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

      Yes ☐    No ☑

11. If your answer to 10 was "Yes" give the following information:

Name of Court: _____

Nature of proceeding:
_____

Grounds raised:
_____

Did you receive an evidentiary hearing on your petition, application or motion?

      Yes ☐    No ☑

Result: _____

Date of result: _____

As to any *second* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding:
_____

Grounds raised:
_____

Did you receive an evidentiary hearing on your petition, application or motion?

      Yes ☐    No ☑

Result: _____

Date of result: _____

As to any *third* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding:

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☑

Result: _____

Date of result: _____

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| | | |
|---|---|---|
| First petition, etc. | Yes ☑ | No ☐ |
| Second petition, etc. | Yes ☐ | No ☐ |
| Third petition, etc. | Yes ☐ | No ☐ |

If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

      **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

(a)      Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)      Conviction obtained by use of coerced confession.

(c)      Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)      Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)      Conviction obtained by a violation of the privilege against self-incrimination.

(f)      Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)      Conviction obtained by a violation of the protection against double jeopardy.

(h)      Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)      Denial of effective assistance of counsel.

(j)      Denial of right to appeal.

A.    Ground One:

MOVANT RECIEVED ENHANCED SENTENCE PURSUANT TO
THE USE OF § 924 RESIDUAL CLAUSE, NOW DEEMED
UNCONSTITUTIONAL by JOHNSON v. U's, 135 S.Ct 2551

Supporting FACTS (tell your story briefly without citing cases or law):

THE USE OF §924 residual Clause has been made retro-
active by JOHNSON, supra; and pursuant to Welch v. US,
136 SCt. 1257; Movant is entitled to relief on collateral
review. Movant relies upon 28 USC §2255 (3)(4) because JOHNSON, Supra
has recently been decided and Welch, supra is now in effect.

B.    Ground Two:

Supporting FACTS (tell your story briefly without citing cases or law):

C.    Ground Three:

Supporting FACTS (tell your story briefly without citing cases or law):

D.   Ground Four:

Supporting FACTS (tell your story briefly without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes       No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing:

(b) At arraignment and plea:

Sam Ogan
Pub. Def. office
525 Griffin St. Suite 629
  Dallas TX. 75202

(c) At trial:

Same

(d) At sentencing:

Same

(e) On appeal

(unknown)

(f) In any post-conviction proceeding:

(g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) And give date and length of sentence to be served in the future:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐   No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature

N/A
_____
Firm Name (if any)

FCI FORT WORTH PO BOX 15330
_____
Address

FORT WORTH, TX 76119
_____
City, State & Zip Code

N/A
_____
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on   6/14/16   (date).

_____
Signature of Movant

David Dixon 34743-077
Federal Correctional Institution
P.O. Box 15330
Fort Worth, TX 76119



Clerk of th
Northern
1100 Co
Dallas

Legal Mail

e United States District Court
District of Texas
mmerce, Room 1452
; Tx   75242